```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LUIS RODRIGUEZ, | : | CIVIL ACTION |
| | : | NO. 17-2160 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE MAHALLY, et al. | : | |
| | : | |
| Respondents. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                January 20, 2021

## I.  INTRODUCTION

Before the Court is pro se Petitioner Luis Rodriguez's motion to continue the current stay of his habeas proceedings. Respondents (SCI-Dallas Superintendent Lawrence Mahally, the Attorney General of Pennsylvania, and the District Attorney of Philadelphia County) oppose the motion.

Because Respondents have not demonstrated that Petitioner's claim is procedurally defaulted, and because Petitioner satisfies the requirements for a stay set forth in Rhines v. Weber, 544 U.S. 269, 278 (2005), the Court will grant the motion.

## II.  BACKGROUND

Petitioner's habeas petition attacks his 2007 Philadelphia County conviction for first-degree murder in connection with the

shooting death of Nicholas Santiago. Petitioner was also convicted of conspiracy, violating the Uniform Firearms Act, and possessing an instrument of crime in connection with Santiago's death. He was sentenced to life imprisonment.

Petitioner filed a direct appeal of his conviction, which the Pennsylvania Superior Court rejected. The Pennsylvania Supreme Court denied his petition for further review. He then filed a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"). The petition was dismissed, and the Superior Court affirmed the denial of PCRA relief. See Commonwealth v. Rodriguez, No. 3528 EDA 2015, 2016 WL 6678513 (Pa. Super. Ct. Nov. 14, 2016) (non-precedential). On April 18, 2017, the Pennsylvania Supreme Court denied Petitioner's application for further review.

Petitioner then filed a habeas petition in this Court on May 7, 2017, the last day of the habeas limitations period. See R. & R. 4 n.3, 5 n.4, ECF No. 13.

The petition claims:

1. All prior counsel were ineffective for failing to properly present and preserve a claim that the Commonwealth suppressed evidence of a conspiracy between the investigating detectives and defense counsel.

2. PCRA counsel was ineffective for failing to bring a claim that trial counsel was ineffective for stipulating to the introduction of a Commonwealth witness's statement.

> 3. Trial counsel failed to properly advise Petitioner regarding the waiver of a jury trial.
>
> 4. Trial counsel was ineffective for failing to investigate and present an alibi defense.
>
> 5. Trial counsel was ineffective for forfeiting an alibi defense for a heat of passion defense.

Pet. Writ Habeas Corpus ¶ 12, ECF No. 1.

Shortly after filing his habeas petition, Petitioner filed a second PCRA petition in state court, presenting the affidavits of two recently discovered witnesses attesting to the fact that Petitioner was at home at the time of the incident. The first affidavit was from Yaritza Medina, who claimed she was talking to Petitioner at his house at the time of the offense. The second was from a neighbor who claimed to have overheard the conversation between Petitioner and Medina.

Petitioner then filed a motion in this Court to stay consideration of his habeas petition to allow him to exhaust the claims related to this newly discovered evidence. In March 2018, the Court adopted U.S. Magistrate Judge Elizabeth Hey's recommendation to stay consideration of the habeas petition because the evidence Petitioner relied upon for his new PCRA petition was relevant to his habeas claims. See R. & R. 4-5, ECF No. 13. Accordingly, the Court placed the habeas petition in suspense until the conclusion of the state court proceedings.

3

In December 2018, Petitioner's second PCRA petition was dismissed as untimely. The Superior Court affirmed on April 6, 2020, concluding that Petitioner could not rely on an exception to the applicable limitations period because he "cannot logically maintain that he did not know that Medina could serve as an alibi witness for him" and because "his PCRA petition provided no explanation as to why he could not have learned of either witness's evidence by the exercise of due diligence." Commonwealth v. Rodriguez, 236 A.3d 1079 (Pa. Super. Ct. 2020) (non-precedential).

On June 18, 2020, Petitioner filed the instant motion to continue the stay. He avers:

> [O]n or about April 14, 2020, Petitioner obtained an affidavit from a thi[rd] witness, Eric Alamo, who states that he came forward during Petitioner's trial to testify that he was coerced by detective McDermott who handled Petitioner's case and . . . Police Officer Cruz to implicate Petitioner in the murder of a victim, Nicholas (Nick) Santiago, but was threatened by the A.D.A., Carlos Vega, with possible imprisonment if he did not leave the courthouse.

Pet'r's Mot. Continuance of Stay 2, ECF No. 20. Alamo gave a statement to detectives that was admitted at trial through a stipulation between the Commonwealth and counsel for Petitioner's co-defendant. The statement was used to impeach a Commonwealth witness.

On July 24, 2020, Petitioner filed a third PCRA petition, to which he attached Alamo's affidavit. He now asks the Court to

4

stay his habeas petition while the state courts address the new evidence.

### III. ANALYSIS

Absent unusual circumstances, the federal court will not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the petitioner give the state courts an opportunity to review his allegations of error before seeking relief in the federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). "Both the legal theory and the facts on which the federal claim rests must have been presented to the state courts" to satisfy the exhaustion requirement. Gibson v. Scheidmantel, 805 F.2d 135, 138 (3d Cir. 1986). Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"),

> [a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

Here, Petitioner argues that the newly discovered facts contained in Alamo's affidavit "go[] directly to the heart of establishing Petitioner's first claim in his Habeas Petition before this court alleging 'All Prior Counsel's Ineffectiveness For Failing to Properly Raise That The Commonwealth Suppressed

5

Evidence of A Conspiracy Between Detectives And His Trial Counsel.'" Pet'r's Mot. Continuance of Stay 3, ECF No. 20. This aspect of his claims is unexhausted, rendering his habeas petition "mixed"—i.e., containing both exhausted and unexhausted claims.

Respondents argue a stay is unwarranted in this case because (1) Petitioner's claim is procedurally defaulted and (2) he does not meet the requirements for staying mixed petitions. The Court will address these arguments in turn.

### A.  **Procedural default**

Where "state law 'clearly foreclose[s] state court review of unexhausted claims,' the claims are considered to be procedurally defaulted." McCabe v. Pennsylvania, 419 F. Supp. 2d 692, 696 (E.D. Pa. 2006) (Robreno, J.) (alteration in original) (quoting Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993)). In such cases, a stay is unwarranted because "[e]xhaustion is not possible, and sending the claims back to state court would therefore be futile." Id.

"Where the government asserts an affirmative defense of procedural default, it bears the burden of proof," Oelsner v. United States, 60 F. App'x 412, 415 (3d Cir. 2003), and "courts generally resist finding a default unless the state has proven unequivocally that no state remedies are available," 2 Randy

6

Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 23.1 (2020).

Respondents argue Petitioner's claim is procedurally defaulted because he "did not fairly present this claim through one complete round of the state's established review process, and he is procedurally barred from raising the claim in state court now" because PCRA requires petitions to be filed within one year of the date that judgment becomes final. Resp'ts' Resp. Stay Pet. 8, ECF No. 25.

For his part, Petitioner invokes the exception to PCRA's one-year limitations period available where "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa. Cons. Stat. § 9545(b)(1)(ii) (2020). Petitioner argues he "was unable to obtain this information until Mr. Alamo came forward to make it known to Petitioner's family." Pet'r's Mot. Continuance of Stay 4, ECF No. 20.

Respondents aver that this "unknown facts" exception to the limitations period is unavailable to Petitioner because he "has not shown any exercise of diligence," fails to acknowledge that Alamo is his cousin, and "has not made any proffer to show that he attempted to locate Alamo despite this relation." Resp'ts' Resp. Stay Pet. 8, ECF No. 25.

7

The Commonwealth's arguments are insufficient to "prove[] unequivocally" that no state remedies are available to Petitioner. See Hertz & Liebman, supra, § 23.1. While the Pennsylvania courts may ultimately side with Respondents, those courts may instead be persuaded by Petitioner's argument that Mr. Alamo's testimony was unavailable to him until Mr. Alamo presented the information to Petitioner's family, and that the "unknown facts" exception to the one-year limitations period therefore applies.

Accordingly, Respondents have not met their burden of establishing procedural default.

B. **Stay Requirements**

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court recognized that the exhaustion requirement for habeas corpus petitions can conflict with AEDPA's one-year statute of limitations. The Supreme Court specifically considered the issue of mixed petitions, observing that

> [a]s a result of the interplay between AEDPA's 1-year statute of limitations and [Rose v.] Lundy's dismissal requirement, [455 U.S. 509 (1982),] petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims.

Id. at 275. The Court therefore approved the district court's use of a "stay and abbey" procedure where "[1] the petitioner had good cause for his failure to exhaust, [2] his unexhausted

claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

Petitioner easily satisfies the first and third prongs of the Rhines analysis. As to the first prong, Petitioner had good cause for failure to exhaust, as his current PCRA petition is based on newly discovered evidence. As to the third prong, there is no indication, and Respondents do not suggest, that Petitioner has engaged in intentionally dilatory litigation tactics. However, Respondents argue Petitioner's claim is not potentially meritorious, and that he therefore fails to satisfy the second prong.

According to the parties' briefing, Alamo's affidavit asserts that a detective falsified the portion of his statement wherein he implicates Petitioner, and that he attempted to testify at trial that his statement had been falsified, but that the prosecutor prevented him from doing so. The information contained in the affidavit, if true, may undermine Petitioner's conviction. Therefore, the claim does not appear to be plainly meritless.

For these reasons, Petitioner satisfies the requirements for a stay of his mixed petition.

**IV.   CONCLUSION**

    For the foregoing reasons, the Court will grant Petitioner's motion to continue the current stay of his habeas proceedings.